Mark L. Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorney for Plaintiff*
and those similarly situated

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREW BOEHM, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHORE FUNDING SOLUTIONS INC., a New York corporation, and JOHN DOE 1,<br><br>Defendants. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded**<br><br>**Trial Location: Omaha** |

**CLASS ACTION COMPLAINT**

1.      Plaintiff ANDREW BOEHM ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant SHORE FUNDING SOLUTIONS INC. ("Shore Funding") and Defendant JOHN DOE 1 ("John Doe" or together, "Defendants") to stop their illegal practice of placing illegal calls to telephones nationwide, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

## NATURE OF THE ACTION

2. Shore Funding sells loans that can be obtained with fast approval. As a part of their marketing, Shore Funding hired John Doe to place thousands of unsolicited phone calls that played an artificial or prerecorded voice message.

3. Defendants did not obtain express written consent prior to placing these artificial or prerecorded voice calls and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendants' use of technological equipment to spam consumers with its advertising on a grand scale.

6. By placing the calls at issue, Defendants violated the privacy and statutory rights of Plaintiff and the Class.

7. Plaintiff therefore seeks an injunction requiring Defendants to stop its unconsented calling, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff ANDREW BOEHM is a natural person and is a citizen of Omaha, Nebraska.

9. Defendant SHORE FUNDING SOLUTIONS INC. is a corporation organized and existing under the laws of the state of New York.

10. Defendant John Doe is an unknown business entity.

## JURISDICTION AND VENUE

11. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

12. This Court has specific personal jurisdiction over Defendants because Defendants caused the violating phone calls to be placed to Plaintiff who resides in this District.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury substantially occurred where Plaintiff resides, in this District.

## COMMON FACTUAL ALLEGATIONS

14. Shore Funding markets and sells loans that can be obtained with fast approval.

15. Shore Funding hired John Doe to place phone calls employing an artificial or prerecorded voice to people all over the country.

16. Defendants failed to obtain consent from Plaintiff and the Class.

## FACTS SPECIFIC TO PLAINTIFF

17. On December 18, 2023, Plaintiff received a phone call on his phone number ending in 4866.

18. The caller ID showed as +(631) 364-1174 | SHORE FUNDING.

19. When Plaintiff answered the call, Plaintiff heard an artificial or prerecorded voice stating to "press one" for information on obtaining a loan.

20. Plaintiff "pressed one" to see who was calling.

21. The call was answered by David from Shore Funding.

22. David solicited Plaintiff for a loan on the phone and also sent Plaintiff a loan application for Shore Funding.

23. Plaintiff never consented to receive calls from Defendants.

24. Defendants' call violated Plaintiff's statutory rights and caused actual and statutory damages.

25. In addition to causing statutory damages, the illegal calls caused annoyance and wasted time to Plaintiff.

## CLASS ALLEGATIONS

26. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **TCPA Class**. All persons in the United States who: (1) from the last 4 years to present (2) whose phone numbers were called (3) to promote Defendants' products and services;

27. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

28. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

29. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

30. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

31. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

32. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

a. Whether Defendants violated the TCPA;

b.       Whether the phone calls used an artificial or prerecorded voice;

c.       Whether Defendants obtained written express consent prior to the calls;

d.       Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendants' conduct.

33.    **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(b)**
**(On behalf of Plaintiff and the Class)**

34.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

35.    Plaintiff and the Class members received telephone calls.

36.    When they answered the calls, they heard an artificial or prerecorded voice message saying to "press one" for easily obtainable loans provided by Defendants.

37.     As a result of its unlawful conduct, Defendants repeatedly invaded the personal privacy of Plaintiff and the Class, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendants to stop its illegal calling campaign.

38.     Defendants made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

39.     If the Court finds that Defendants willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff ANDREW BOEHM, individually and on behalf of the Class, prays for the following relief:

A.  An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing his counsel as Class Counsel;

B.  An order declaring that Defendants' actions, as set out above, violates the TCPA;

C.  An order declaring that Defendants' actions, as set out above, violates the TCPA willfully and knowingly;

D.  An injunction requiring Defendants to cease all unlawful calls without first obtaining the call recipients' express consent to receive such calls, and otherwise protecting interests of the Class;

E.  An award of actual damages and/or statutory fines and penalties;

F.  An award of reasonable attorneys' fees and costs; and

G.  Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: December 20, 2023

            Respectfully submitted,

            By: s/ Mark L. Javitch
              Bar Number: CA 323729
              Attorney for Plaintiff
              Javitch Law Office
              3 East 3rd Ave. Ste. 200
              San Mateo, California 94401
              Telephone: (650) 781-8000
              Fax: (650) 648-0705
              Email: mark@javitchlawoffice.com

            *Attorneys for Plaintiff and the Putative Class*